

IN THE
TENTH COURT OF APPEALS

No. 10-22-00355-CR

CHARLES BRADSHAW,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-1678-C1

## DISSENT

In this proceeding, the parties have agreed that under the relevant statute, the trial court erred in assessing costs. The appellant argued that the trial court erred by applying the amended costs statute in effect on the date of the conviction rather than the statute in effect on the date of the offense. The State conceded that the applicable statute, the one under which costs should be assessed, was the statute in effect on the date of the offense.

The specific error briefed and conceded is that the trial court assessed costs under an amended version of Local Government Code section 133.102(a)(1). The parties agree that the enabling language for the amended statute is very explicit, that the amendments

to the statute do not apply to crimes committed prior to the effective date of the statute, that being January 1, 2020, and that this crime was, in fact, committed prior to that date.[1]

The enabling language at issue for the amendments to the costs statute in effect at the time the offense was committed states:

ARTICLE 5.  TRANSITION AND EFFECTIVE DATE

SECTION 5.01.

Except as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act.  An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.  For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

***

SECTION 5.04.

This Act takes effect January 1, 2020.

We have applied this language in a number of cases.[2]

---

[1] A majority of this Court has developed and used an abatement procedure when court costs assessed in the trial court's judgment are at issue on appeal.  *See Willingham v. State*, No. 10-21-00158-CR (Tex. App.—Waco Oct. 19, 2022, order); *Carnley v. State*, No. 10-21-00104-CR (Tex. App.—Waco Oct. 19, 2022, order); *Welch v. State*, 668 S.W.3d 54 (Tex. App.—Waco 2022, order).  I have disagreed with that procedure.  (see dissenting opinions in each).  This Court has recently used the abatement procedure.  *Rios v. State*, No. 10-21-00266-CR (Tex. App.—Waco, June 9, 2023, order).  But for some reason, that procedure is not always used, *see Moore v. State*, No. 10-22-00051-CR, 2023 Tex. App. LEXIS 2717 (Tex. App.—Waco Apr. 26, 2023, no pet.) (not designated for publication); *Fields v. State*, No. 10-21-00275-CR, 2022 Tex. App. LEXIS 8588 (Tex. App.—Waco Nov. 22, 2022, no pet.) (not designated for publication), and it was not used here.  Why? I am trying to figure this out so that I can understand when the procedure should be used and to see if we are consistent in when we use it.  I can offer the reader no help in this analysis.  If it could ever be appropriate, this might be the case in which it could be helpful; but then again, I see no need to even apply it here because we could modify the judgment and move on.

[2] *See e.g. Simmons v. State*, No. 10-18-00269-CR, 2023 Tex. App. LEXIS 450, at *9 (Tex. App.—Waco Jan. 25, 2023, no pet.) (not designated for publication); *Lee v. State*, No. 10-18-00334-CR, 2022 Tex. App. LEXIS 9460, at *4 (Tex. App.—Waco Dec. 28, 2022, no pet.) (not designated for publication); *Anderson v. State*, No. 10-

Rather than analyzing the issue based on the briefing of the parties, including the concession of error by the State, the Court has found a statute not cited by either party and argues that it effectively controls over the specific enabling language in the statute that amended the costs statute being applied. The statute found by the Court provides as follows:

> Notwithstanding any other law that establishes the amount of a court cost collected by the clerk of a district, county, or statutory county court from a defendant in a criminal proceeding based on the law in effect on the date the offense was committed, the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the date the defendant is convicted of the offense.

TEX. GOV'T CODE § 51.608 (effective June 14, 2013).

The Court holds that this language, passed six years before the amendment and enabling language at issue, has the effect of negating the language of the more recent statute.

The limited support cited by the Court for its manner of construing the two statutes and why the earlier statute would control does not identify or address the growing split of authority on this subject or which *Hayes* opinion is correct. *Compare Hayes v. State*, No. 12-20-00222-CR, 2021 Tex. App. LEXIS 2829 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (not designated for publication) *with Hayes v. State*, No. 11-21-00251-CR, 2023 Tex. App. LEXIS 4186 (Tex. App.—Eastland June 15, 2023, no pet. h.) (not designated

---

18-00341-CR, 2022 Tex. App. LEXIS 9459, at *7 (Tex. App.—Waco Dec. 28, 2022, pet. ref'd) (not designated for publication); *West v. State*, No. 10-20-00087-CR, 2022 Tex. App. LEXIS 2424 (Tex. App.—Waco Apr. 13, 2022, no pet.) (not designated for publication); *Berry v. State*, Nos. 10-19-00416-CR, 10-19-00417-CR, 10-19-00418-CR, 2022 Tex. App. LEXIS 3871, at *5-*7 (Tex. App.—Waco June 8, 2022, no pet.) (not designated for publication).

for publication).

Respectfully, the Court of Criminal Appeals needs to resolve this issue. At the very least, having identified the issue, we should ask for briefing on the issue.

Assessment of criminal court costs is already a gnarly issue, and the Court's holding is like throwing a handful of sewing machine parts onto a table where a double barrel shotgun is disassembled and then trying to figure out how all the pieces will go back together. They will not. I would modify the trial court's judgment as agreed by the parties and affirm the judgment as modified. Because the Court does what it does instead, but more importantly because of the reason and way that it does it, I respectfully dissent.

TOM GRAY
Chief Justice

Dissent delivered and filed August 2, 2023

